**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ELVIS MOTA, #53342-054**                                           **PETITIONER**

**versus**                                   **CIVIL ACTION NO. 5:13-cv-5-KS-MTP**

**VANCE LAUGHLIN, ERIC H. HOLDER, JR., and**
**CHARLES E. SAMULES, JR.**                              **RESPONDENTS**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  On January 9, 2013, Petitioner Mota, a federal inmate currently incarcerated at the Adams County Correctional Center (ACCC), Natchez, Mississippi, filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Upon liberal review of the Petition and subsequent pleadings, the Court has reached the following conclusions.

## I. Background

Petitioner was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York.  *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007).  As a result, Petitioner was sentenced to serve 130 months in the custody of the Bureau of Prisons (BOP), followed by a 4 -year term of supervised release.  Petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit.  *See U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

### A.  Southern District of New York filings

On April 22, 2009, Mota filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court construed as a Motion to Vacate pursuant to

28 U.S.C. § 2255.  The Motion was dismissed by the Southern District of New York as time-barred.  *See Mota v. USA*, No. 1:09-cv-5189 (S.D.N.Y. Oct. 30, 2009).  On July 15, 2010, Mota filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court deemed an unauthorized second or successive § 2255 Motion and transferred to the Second Circuit.  *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010).  On January 25, 2011, the Second Circuit denied Mota permission to proceed with the second or successive petition.  *See Mota v. Laughlin*, No. 10-4317 (2nd Cir. Jan. 25, 2011).[1]

### B.  Southern District of Mississippi filings

On May 19, 2011, Mota filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court.  *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011).  Mota asserted allegations he previously presented to the Southern District of New York and the Second Circuit, regarding his arrest, prosecution and conviction and he added claims regarding the validity of the immigration detainer lodged against him.  He also claimed that his constitutional right of access to the courts was violated by a mail conspiracy between two Assistant United States Attorneys and prison officials.  The Court concluded that Mota was challenging the validity of his conviction and sentence, that he failed to satisfy the requirements of the savings clause, that he was not in custody for purposes of the immigration detainer, that

---

[1]Mota also filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, § 1985, § 1986, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that various officials violated his federally protected rights when he was arrested, searched, subsequently prosecuted, and convicted.  The Southern District of New York dismissed Mota's claims, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), Fed. R. Civ. P. 12(h)(3), and *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Mota v. DEA*, No. 1:10-cv-9543 (S.D. N.Y. May 3, 2011). In addition, Mota filed a case involving the same facts under the Federal Tort Claims Act, which was dismissed by the Southern District of New York pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See Mota v. USA*, No. 1:10-cv-9623 (S.D.N.Y. Feb. 23, 2011).

his access to the Court claims had already been litigated and any recent conditions claims were not properly pursued in a habeas petition. *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011)(citing § 2255(e); *Pack v. Yusuff,* 218 F.3d 448, 454 (5th Cir. 2000); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987)). Therefore, this Court determined that it was without jurisdiction to consider the claims brought in the § 2241 case and dismissed the action.[2]

On June 19, 2012, Mota filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court. *See Mota v. Laughlin*, No. 5:12-cv-86 (S.D. Miss. Feb. 8, 2013). In this petition, Mota purported to challenge a 2003 arrest warrant issued by the State of New York based on a conviction for driving under the influence, and he continued to assert challenges to his confinement that he had already presented to either the Southern District of New York, the Second Circuit or this Court. The Court found that to the extent the petition sought relief based on the 2003 New York arrest warrant, it was dismissed for failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. The Court also concluded that Mota was not entitled to mandamus relief and to the extent the petition was repetitive to at least one of Mota's previous habeas cases, it was an abuse of the writ. The Court entered the following sanction warning:

> The Court is warning Mota that any future attempts of a similar nature will be

---

[2]Mota also filed a *pro se* Complaint pursuant to the Privacy Act, 5 U.S.C. § 552a, in this Court. *See Mota v. CCA*, No. 5:11-cv-92 (S.D.Miss. Jan. 27, 2012). In this particular case, all of Mota's claims were based on the premise that his criminal conviction and sentence are illegal and the only basis for his custody by the BOP is an immigration detainer. Therefore, his prison records are inaccurate in violation of the Privacy Act. The Court concluded that prison records reflecting Mota is a federal inmate convicted of a federal offense currently serving a sentence of imprisonment that has not been overturned or invalidated by any Court are accurate and Mota was not entitled to relief.

found to be an abuse of the writ and will likely lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.

*See* Mem. Op. [ECF No.11] at 9, in *Mota v. Laughlin*, No. 5:12-cv-86 (S. D. Miss. 2013).

### C. Present Habeas Petition

Mota filed the habeas petition currently before the Court prior to the Court's disposition of his 2012 habeas petition, *Mota v. Laughlin*, No. 5:12-cv-86. In the current petition, Mota details the history of his criminal case and subsequent appeals, his habeas corpus cases, and his other federal court filings. Mota does not assert any new grounds for habeas relief but simply repeats the claims presented in his previous filings and reiterates his belief that he has been "illegally imprisoned for more than 7 years." Pet. [ECF No. 1] at 2. As relief, he is requesting restoration of his liberty. *Id.* at 12.

## II. Analysis

The majority of Mota's filings in this case relate to his federal conviction for conspiracy to distribute and possession of a controlled substance with intent to distribute. As detailed above, the validity of this conviction and sentence and the lawfulness of Mota's current imprisonment have been repeatedly upheld by the federal courts. The Court finds that the repetitive claims presented in the current petition are nothing more than an attempt by Mota to receive a result contrary to the result he previously obtained from either the Southern District of New York, the Second Circuit, or this Court. The Fifth Circuit has made clear that "[s]ection 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir.2000). Therefore, the Court finds that to the extent this current request for habeas relief repeats Mota's

previous habeas petitions it is an abuse of the writ. *See Davis v. Fetchel*, 150 F.3d 486, 490-91 (5th Cir. 1998)(finding third § 2241 petition constituted an abuse of the writ); *Falcetta v. U.S.,* 403 F. App'x 882, 883 (5th Cir. 2010)(finding to the extent inmate's § 2241 petition raises issues already decided it is an abuse of the writ); *Jennings v. Menifee*, 214 F. App'x 406, 407 (5th Cir. 2007)(affirming dismissal of federal inmate's repetitive § 2241 petition as an abuse of the writ). Since Mota filed this petition prior to the sanction warning being issued in *Mota v. Laughlin*, No. 5:12-cv-86, the Court will not impose a sanction at this time. With that said, the Court finds that Mota is now clearly on notice that any future attempts of a similar nature will be found to be an abuse of the writ and will lead to the imposition of sanctions. These sanctions could include, but are not limited to, monetary fines or restrictions on Mota's ability to file *pro se* actions in this Court.

The Court further finds that to the extent this latest petition can possibly be construed as asserting any non-repetitive habeas claims, such claims are properly pursued in a § 2255 petition and dismissal for failure to satisfy the requirements of the savings clause is proper. *See Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001); *Pack v. Yusuff,* 218 F.3d 448, 452-53 (5th Cir. 2000). Likewise, to the extent this latest habeas petition can possibly be construed as presenting new or recent conditions of confinement claims, these claims are not properly pursued in a habeas petition. *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). This should not be news to Mota since this Court has previously advised him that habeas relief is not available for conditions of

confinement claims.

As a final point, Mota mentions that on November 19, 2012, he received a "Final Administrative Removal Order" from the United States Government. However, a petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Zamarripa-Torres v. BICE*, 2009 WL 2981901, *1 (5th Cir. 2009)(citing *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005))(finding "the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders"). As such, any claims Mota may be attempting to assert regarding this removal order are not properly before this Court.

## III. Conclusion

The Court finds that to the extent this petition is repetitive to Mota's previous habeas cases, it is dismissed as an abuse of the writ. Further, the Court finds that to the extent the petition asserts any non-repetitive habeas claims, such claims are properly pursued in a § 2255 petition and Mota has failed to meet the requirements to proceed under the savings clause. To the extent this petition can be construed as asserting any new or non-repetitive conditions claims, these claims are not properly pursued in a habeas corpus petition. The Court also finds that it lacks jurisdiction over this petition to the extent it seeks relief from a Final Administrative Removal Order.

As a final point, the Court will impose the following sanction warning in accordance with Section II of this Memorandum Opinion:

**The Court finds that to the extent this current request for habeas relief repeats Mota's previous habeas petitions it is an abuse of the writ. The Court is warning Mota that any future attempts of a similar nature will be found to be an abuse of the writ and will lead to the imposition of sanctions, including but**

**not limited to monetary fines or restrictions on his ability to file *pro se* actions in this Court.**

A Final Judgment in accordance with this Memorandum Opinion will be issued.

SO ORDERED, this the 11th day of February, 2013.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE